PER CURIAM.
| ¶ Denied. On the showing made, there is no error in the ruling of the court below. We attach hereto and make a part hereof the Third Circuit’s order and accompanying reasons denying relator’s application for writs.
Relator has now fully litigated two applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended the article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
*1014 ATTACHMENT
STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
NO: KH 14-01235
Judgment rendered and madid to all parties or counsel of record on April 30, 2015.
[[Image here]]
PILED: |1/21/14
On application of Sifeon Lewis for Writ of Review in No. 118,832 on fee docket of the Fifteenth Judicial District Court, Parish of Lafeyettc, Hon, Jules Davis Edwards.
Counsel for: Simon Lewis Prose
Counsel for: State of Louisiana Michael Harson
Lake Charles, Louisiana, on April 30,2015.
WRIT DENIED: We find that the trial court properly ruled that the juror in question committed misconduct in going to the .aecident scene, and then reporting on his visit to the other jurors. The question, then, is not whether misconduct occurred, but whether fee misconduct prejudiced fee jury’s verdict. More specifically, wc must determine whether the intrusion of fee extraneous matter .into fee jury’s deliberations leaves too great an Uncertainty about fee effect of fee juror’s conduct on his - and fee jury’s - ability to render an impartial Verdict to permit the judgment to stand. Hill v. U.S., 622 A.2d. 680 (D.C. 1993). Though this is admittedly a clo;se question, wo find feat there is no such uncertainty. Rafeé:, fee juiy clearly focusedjon the defendant's confession and the eyewitness testimony. The jurors’ after-hours crime scene visit focused only on fee amount of light at fee scene and the color of fee gun. Those matters pale into insignificance compared to the much more damning evidence that was properly submitted to the jury.